UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGE FRANK COTA,                             CIVIL NO. 16-1823 (ADM/JSM)

     Plaintiff,

v.                                                               <u>REPORT AND RECOMMENDATION</u>

JONES & MAGNUS,
Attorneys at Law;
RYAN B. MAGNUS,
Attorney;
JENNIFER
LYNN THON,
Attorney; and
WARREN MAAS,
Attorney,

     Defendants.

JANIE S. MAYERON, United States Magistrate Judge

Plaintiff George Frank Cota is a civil detainee of the State of Minnesota.  Cota brings this action under 42 U.S.C. §§ 1983 and 1985(3) against his court-appointed attorney during the ongoing civil-detention proceedings, his attorney's law firm, and other attorneys at that same law firm.  For the reasons discussed below, it is hereby recommended that this action be summarily dismissed for failure to state a claim on which relief may be granted.

## I.   BACKGROUND

Cota pleaded guilty in 1994 to charges of first-degree criminal sexual conduct. *See* Compl. at 10 [Docket No. 1].  According to Cota, his plea agreement included a provision that his incarceration would not be followed by a term of civil commitment. *Id.* at 10-11.  Notwithstanding that alleged provision, the State of Minnesota commenced civil commitment proceedings against Cota in 2015 upon his scheduled release from the

Minnesota Department of Corrections. *Id*. at 11.  Defendant Ryan B. Magnus of the law firm Jones & Magnus was appointed by the state court to represent Cota during the civil commitment proceedings.

In essence, Cota alleges that Magnus has failed to provide effective assistance of counsel during those proceedings.  For example, Cota alleges that Magnus did not provide the state court with evidence of the provision in the plea agreement that precluded civil commitment upon his exit from state prison. *Id.* at 12.  More generally, Magnus has refused to follow Cota's recommendations and, in Cota's view, has conspired with the state court and the prosecuting attorney to ensure that he would be indefinitely committed to the custody of the State of Minnesota as a sexually dangerous person.  Cota also alleges that Magnus conspired to make him appear mentally ill before the Court and thereby undercut his ability to assist in his own defense during the proceedings.

The exact timeline of Cota's commitment proceedings, which remain ongoing, is unclear.  In any event, Cota has been in the custody of the State of Minnesota for almost the entirety of the time since civil commitment proceedings began in 2015.  Cota alleges that this detention is a proximate result of his attorney's malfeasance (along with the malfeasance of the law firm and other attorneys who were more tangentially associated with the civil-commitment proceedings).  As a remedy, Cota seeks an injunction preventing defendants from continuing to represent him, revocation of defendants' licenses to practice law, compensatory and punitive damages, costs, and any other available equitable relief. *See* Compl. at 44-45.

## II.    MOTION FOR RECUSAL

Before turning to the merits of the complaint, this Court must first address Cota's motion for recusal of this Court.[1]   Cota previously sued Magnus, his law firm, and several other defendants regarding actions taken during the course of the civil commitment proceedings.  This Court recommended dismissal of that complaint under 28 U.S.C. § 1915(e)(2)(B); the district court adopted that recommendation and dismissed the case.  *See Cota v. Director of the National Security Agency*, No. 15-CV-2089 (ADM/JSM), 2015 WL 6737008 (D. Minn. Nov. 3, 2015).  Cota seeks recusal on the basis of this Court's "vocalization in an earlier attempt at a Complaint" — a reference to the recommendation of dismissal just discussed.  *See* Docket No. 5 at 1. Cota also alleges that "there is possible known relationships to Jones and Magnus, or to the Bad Motives of State Officials and their actors . . . ."  *Id.*

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "Adverse judicial rulings, however, 'almost never' constitute a valid basis for recusal . . . ."  *Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The fact that this Court earlier recommended dismissal of another lawsuit filed by Cota is not sufficient grounds on which to seek recusal.   Further, Cota's allegations regarding the relationship between this Court, defendants, and the relevant state-court officials are not only speculative, they are wrong.  There is no reasonable basis for recusal from this matter, and this Court declines to do so.

---

[1]      Cota has also requested that the district judge assigned to this case recuse from this matter.  This Court will address only the request that the undersigned recuse, and for that reason will not deny (or formally recommend denial) of Cota's motion.

## III.    THE COMPLAINT

Cota did not pay the required filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status.  Upon review of the IFP application, this Court concludes that Cota qualifies financially for IFP status.   That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.   *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.   *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).   Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.   In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Cota's complaint fails to state an actionable claim against defendants under § 1983 or § 1985(3) for violations of his constitutional rights, as both provisions require

misconduct by a state actor.[2]  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (holding that, under § 1985(3), "the party charged with the deprivation must be a person who may fairly be said to be a state actor"); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983").  The mere fact that the State of Minnesota appointed Magnus to represent Cota does not, by itself, transform defendants into state actors.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

This does not end the inquiry, however.  "Allegations that a public defender has conspired with judges to deprive an inmate of federally protected rights may state a claim under § 1983."  *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985).  There are broad, conclusory allegations of such a conspiracy in the complaint, but "allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'"  *Id*.  Cota's allegations of conspiracy are plainly insufficient under this standard.  Cota's claims are not so much that defendants and state officials agreed — whether tacitly or expressly — to violate his constitutional rights.  Instead, Cota alleges that defendants' legal representation was constitutionally deficient and that this constitutionally deficient performance was a factor in his ongoing detention.  But there are no plausible factual allegations suggesting a meeting of the minds between Cota's attorneys and the State; even on the allegations provided be Cota, defendants and state actors did not agree, even implicitly, that Cota's rights should be violated.

---

[2]     Liberally interpreted, Cota's claim might also be read as raising state-law claims of legal malpractice.  But this Court does not have original jurisdiction over such claims, and **Error! Main Document Only.**the Eighth Circuit has instructed courts not to exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Without sufficient allegations of such a conspiracy, Cota cannot prove that defendants are state actors and therefore, cannot prove that defendants violated §§ 1983 or 1985(3).[3]

This Court recommends dismissal of Cota's claims on that basis. It is worth mentioning, however, that even if Cota had stated a claim on which relief may be granted, this Court's recommendation would not be that this case go forward, but instead that the Court abstain from further action. "The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Each of those requirements is met here. First, there is an ongoing civil commitment proceeding in state court (*see In the Matter of the Civil Commitment of Cota*, No. 56-PR-16-498 (Minn. Dist. Ct. 2016)) brought by the State of Minnesota in its sovereign capacity. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 592 (2013). Second, this ongoing civil commitment proceeding implicates the State of Minnesota's important interests in detaining and apportioning medical care to citizens deemed sexually dangerous. Third, there is no reason to believe that Cota cannot raise his constitutional claims within the context of the ongoing commitment proceedings. Thus, the *Younger* abstention doctrine would preclude him

---

[3]    Previous claims against Magnus and his law firm have been dismissed on substantially the same basis. *See Cota v. Director of the National Security Agency*, No. 15-CV-2089 (ADM/JSM), Docket No. 21 at 8-9. These claims were dismissed with prejudice, and the judgment in that matter has become final. All claims against Magnus and his law firm that could have been raised in the earlier action are therefore barred by the doctrine of res judicata. *See Laase v. County of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (discussing res judicata under Minnesota law).

from proceeding on claims of ineffective assistance of counsel against defendants at this time, had those claims been adequately pleaded.

Finally, this Court notes that this is Cota's third attempt to bring claims against Magnus and his law firm under the federal civil rights statutes (the complaint filed in this matter along with the complaint and amended complaint filed in the previous lawsuit). Because Cota has tried and failed repeatedly to plausibly allege that Magnus and his firm have behaved as state actors, this Court recommends that this action be dismissed with prejudice.  *See Milliman v. County of Stearns*, No. 13-CV-0136 (DWF/LIB), 2013 WL 5426049, at *16 (D. Minn. Sept. 26, 2013) (collecting cases and noting that repeated failure to adequately plead claim for relief constitutes grounds for dismissal with prejudice).

**RECOMMENDATION**

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    This action be SUMMARILY DISMISSED WITH PREJUDICE under 28 U.S.C § 1915(e)(2)(B)(ii).

2.    Plaintiff George Frank Cota's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

3.    Cota's motion for appointment of counsel [Docket No. 3] be DENIED AS MOOT.

Dated:    August 17, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.